Per Curiam.

While an arbitrator is not a judge in the strict sense, his functions are quasi-judicial in character and he must be a person in a position to act impartially, one who is not biased or prejudiced in favor of or against either side to the controversy.
Where arbitrators are selected under the auspices of a trade organization and where their special skill and experience in the trade are invoked, it is, in and of itself, no disqualification that they have had business dealings with either party to the arbitration. Here, however, it appears that originally the controversy between the parties was made the basis of an action at law. That action was discontinued and the parties proceeded to arbitration. Under the practice of the trade organization which supervised the arbitration, neither of the two arbitrators (who later chose the third arbitrator) knew which party to the arbitration selected him. One of the arbitrators and the corporations in which he had a substantial interest had, as their regular attorney, the lawyer who acted in that capacity for the successful party to the arbitration. The attorneys themselves did not participate in the proceedings before the arbitrators.
The arbitrator now sought to be disqualified claims that he did not know that his attorney also represented one of the parties to the arbitration. If he had such knowledge, it was his *556 duty under the circumstances of this case to have disclosed it before he proceeded to act as arbitrator.
There is a further question as to whether the party now claiming to be, aggrieved knew or should have known of the relationship complained of before the arbitration was concluded.
Courts are loath to sustain belated claims of disqualification after an adverse award but, considering all of the circumstances, substantial issues have here been raised concerning the knowledge of one of the arbitrators of the relationship of his attorney, to the submitted controversy and of the appellants’ prior knowledge of this situation. Those issues should be referred to an official referee to hear and report thereon with his recommendations to the Special Term.
The order confirming the award and the judgment entered thereon and the order denying petitioners’ motion to renew their motion to vacate the award herein should be reversed, with $20 costs and disbursements to the appellants to abide the event.
Peck, P. J., Callahan and Shientag, JJ., concur; Glennon and Van Voobhis, JJ., dissent and vote to affirm.
Order confirming the award and the judgment entered thereon and the order denying petitioners’ motion to renew their motion to vacate the award herein reversed, with $20 costs and disbursements to the appellants to abide the event. Settle order on notice. [See 278 App. Div. 567.]